**Dana J. RITCHESON, Plaintiff–Appellant,**

v.

**C.C. SERVICES, INCORPORATED a/k/a Country Companies Insurance Company, Defendant–Appellee.**

No. 03–1633.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 2003.

Decided Oct. 30, 2003.

Ferne P. Wolf, St. Louis, MO, for Plaintiff–Appellant.

L. Lee Smith, Hinshaw & Culbertson, Peoria, IL, for Defendant–Appellee.

Before KANNE, ROVNER, and EVANS, Circuit Judges.

ORDER

Dana Ritcheson filed suit against her employer, C.C. Services, alleging discrimination and retaliation based on her age and sex. She alleges that she was not selected for an open position because of discrimination, and that her supervisor retaliated against her when he yelled at her in a demeaning manner after she filed an EEOC charge regarding her discrimination claim. The district court granted summary judgment for C.C. Services on both claims. On appeal Ritcheson challenges only the denial of her discrimination claims, and specifically the district court's finding that she had not met the prima facie element of showing that she suffered a materially adverse employment action.

Ritcheson began working for C.C. Services, an insurance company, in 1979. She started working in southern Illinois, where she performed both claims processing and secretarial duties. In 1998 she was promoted to a position in Las Vegas, Nevada, where she worked as a claims adjuster for property loss. In June 2000 she applied for a lateral transfer (also for work as a claims adjuster) from Las Vegas to Vienna, Illinois. Ritcheson applied for the transfer because she believed that she would have a greater opportunity to advance into a management position in Vienna. C.C. Services, however, chose a 36–year–old male to fill the position over

Ritcheson, who was 42 years old at the time.

The district court granted summary judgment on Ritcheson's retaliation claims, holding that Ritcheson could not show a retaliatory motive because her supervisor was unaware that she had filed an EEOC charge at the time he allegedly confronted her. The court, however, denied summary judgment on Ritcheson's discrimination claims. Characterizing C.C. Services's employment decision as "akin to a failure to hire or promote," the court found that Ritcheson was complaining of a "tangible employment action" that was actionable under Title VII and the Age Discrimination in Employment Act.

Eleven days after the district court issued its order, we issued our opinion in *Grayson v. City of Chicago*, 317 F.3d 745 (7th Cir.2003), holding that an employee who was denied a requested change in position could not establish a prima facie case of discrimination if he could not show that the denial constituted a "materially adverse employment action." The city's rejection of the employee's request to change positions was not an adverse employment action, we held, because the requested position "was identical to his present position in all but name." *Id.* at 750. In light of *Grayson*, C.C. Services moved to reconsider the district court's ruling.

Relying on *Grayson*, the district court granted summary judgment on Ritcheson's discrimination claims, holding that she could not show that she was materially adversely affected by the denial of the request to transfer. The court stated that in applying for the Vienna position, Ritcheson sought "essentially the same job" as the one she already held in Las Vegas.

We review de novo a district court's grant of summary judgment, viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party. *Franciski v. Univ. of Chicago Hosp.*, 338 F.3d 765, 768 (7th Cir. 2003).

On appeal Ritcheson primarily challenges the district court's finding that the two positions were essentially similar and, as a result, the denial of the transfer did not constitute an adverse employment action. She asserts that the jobs were different, for example, because she would have more opportunity for promotion in Vienna.

A purely lateral transfer cannot rise to the level of an adverse employment action. *Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir.1996). Similarly, "a transfer involving no reduction in pay and no more than a minor change in working conditions" does not constitute an adverse employment action. *Id.* An employee would be adversely affected, however, by a transfer that "significantly reduces the employee's career prospects by preventing him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted." *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 744 (7th Cir.2002); *see also Hoffman–Dumbrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 651 (7th Cir.2001) (upholding district court's finding of adverse employment action where employee was transferred from a position where she scheduled hundreds of employees and prepared the payroll to one where she scheduled five employees and had minimal responsibility); *Dahm v. Flynn*, 60 F.3d 253, 257 (7th Cir.1994) (upholding district court's finding of adverse employment action where most of employee's duties were reassigned and she was required to focus on routine matters demanding little skill).

We agree with the district court that Ritcheson cannot show that she would have experienced more than a minor change in working conditions as a result of

the transfer. First, Ritcheson does not point to evidence in the record to support her assertion that the transfer to southern Illinois would "enhance her career prospects." She mentions in her brief that Illinois had the largest number of supervisory personnel and that recommendations are made by the local managers. She does not, however, develop this argument nor substantiate these statements with references to the record. Even when asked at oral argument how her opportunities for advancement were compromised her counsel, who did a fine job on this difficult case, was unable to articulate a persuasive argument. Because the brief and Ritcheson's oral argument taken together do not give us an adequate basis on which to follow her argument, this argument fails. *See Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir.2002); *see also* FED. R.APP. P. 28(a)(9).

Ritcheson next raises the undeveloped argument that she would be required to handle more farm cases in Vienna, which tend to have larger case files than the residential cases she handled in Las Vegas. But Ritcheson has not presented evidence that working with larger case files would affect her working conditions in any significant manner. Without any explanation as to the significance of the larger case files in Vienna, Ritcheson cannot show that she suffered an adverse employment action on this basis.

Finally, Ritcheson cites *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 852–53 (11th Cir.1997), to suggest that the denial of a change in geographic location constituted an adverse employment action. In *Maddow*, the Eleventh Circuit held that an older employee had suffered an adverse employment action when she was offered a position in Alabama after telling her interviewer that she would accept a position only in Atlanta. *Id.* at 853. But *Maddow* involved facts that distinguish it from this case: there the employer was highly likely to offer the employee a job, despite knowing that she would work only in Atlanta. The court concluded that the employee had created an inference that the terms and conditions of her employment were affected because of her age, and that this was an "adverse affect." *Id.* By contrast, Ritcheson has not shown how the denial of her request to move to Vienna affected the terms and conditions of her work.

For these reasons, the judgment of the district court is affirmed.